The opinion of the Court was afterwards drawn up by
Wilde J.
The defendant moves for a new trial on two grounds ; first, because the confessions of the defendant were admitted in evidence, after the defence had been assumed by a subsequent attaching creditor under the statute in such case provided ; and secondly, because the amount of the verdict is too large, and is not sustained by the evidence.
On the first ground the Court is of opinion, that the motion *205 cannot be sustained, the declarations of the defendant being competent evidence for the plaintiff, notwithstanding the action is defended by a subsequent attaching creditor. The case of Strong v. Wheeler, 5 Pick. 410, appears to be decisive on this point. The only distinction between that case and this is, that the declarations proved in the present action were made by the defendant after his creditor had been admitted to defend; whereas it does not appear that the fact was so in Strong v. Wheeler. We do not, however, think it material, for the purpose of deciding on the competency of the evidence, whether the declarations were made before or after the creditor had been admitted to take upon him the defence. The reasoning of the Court in Strong v. Wheeler is very strong in support of this position. It is said, “ there may be collusion between the debtor and the second attaching creditor to defraud the first; and this kind of fraud is quite as easy to be practised as the other ; ” and it may be added, that it is quite as easy to plan such a fraud before as after the second attaching creditor interposes to undertake the defence. Whether there is any collusion, in any case, between the debtor and the prior or subsequent attaching creditor, is always a question of fact for the jury to determine. The court cannot ascertain the fact in order to settle the question as to the competency of the evidence ; and it is quite clear that the mere possibility of collusion between the plaintiff and defendant is not sufficient to authorize the court to reject evidence which, if there were no collusion, would be clearly competent. The objection may have some weight in judging as to the credibility of the testimony, especially if any suspicious circumstances should appear tending to prove the collusion. Of all these circumstances, and of the credit to be given to the declarations of the party, the jury are to judge ; and if they should be convinced of any collusion, they would of course reject the testimony arising from the declarations, and they would be instructed so to do by the court. This was the course of proceeding in the present case, and it appears to us to be perfectly proper and legal. A party may possibly be injured by this kind of evidence, and so he may by other fraudulent combinations, and by false testimony ; but this *206 "s not a sufficient reason for rejecting the evidence as incompetent.[1]
But the second reason assigned in support of the motion for a new trial is, we think, satisfactory and sufficient. The jury allowed the plaintiff’s whole claim, notwithstanding it was proved, that before the commencement of this action, he had received “ a horse, wagon and sundry articles of clothing of considerable value, which should be deducted from his wages ; ” and immediately after the verdict was returned, the plaintiff offered to remit such sum as ought to be deducted on account of the horse, wagon and clothing. It is therefore quite clear, by the plaintiff’s own admission, that the value of these articles ought to have been deducted from the plaintiff’s demand. If that value had been ascertained, the amount might be now remitted and judgment entered for the residue; but unless the parties can agree as to the value, it must be ascertained by a jury; and a new trial is granted for that purpose.

 See Rev. Stat. c. 90, § 87, 88.